UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10071-GAO

FISHMAN TRANSDUCERS, INC.,
Plaintiff,

v.

STEPHEN PAUL d/b/a "ESTEBAN," DAYSTAR PRODUCTIONS,
and HSN INTERACTIVE LLC,
Defendants.

ORDER
January 4, 2011

O'TOOLE, D.J.

The several pending motions are resolved as follows:

The Motion of Plaintiff Fishman Transducers, Inc. for Leave to Correct Inaccurate Statement Made by Defendants' Counsel at Hearing (dkt. no. 131) is GRANTED to the extent that it requests the Court to affirm the existence of its Chapter 93A claim. In the absence of any authoritative evidence to the contrary, such as a transcript from the scheduling conference before Judge Lindsay or an indication in the clerk's notes from that date, I consider the claim to be an active one in the case.

The Plaintiff's Motion to Modify Order Striking Plaintiff's Jury Demand (dkt. no. 137) is GRANTED IN PART and DENIED IN PART. "The question of what role a jury plays as to the remedy of an accounting in a Lanham Act case is complicated." Visible Sys. Corp. v. Unisys Corp., 551 F.3d 65, 77 (1st Cir. 2008). In addition to proving whatever damages it has actually suffered, a plaintiff may seek to recover profits the defendant has made by reason of its infringement of the plaintiff's mark. See AB Electrolux v. Armatron Int'l, Inc. 999 F.2d 1, 5 (1st

Cir. 1992). Confusion is introduced when the defendant's profits are said to be a "proxy" for the plaintiff's losses. See Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 37 (1st Cir. 2002). The problem lies in determining what is meant to be conveyed by the use of the word "proxy." It could mean an *alternate method of proof*, where, because of particular circumstances, such as direct competition in a two-firm market with inelastic demand, measuring the defendant's profits actually does measure the plaintiff's losses. Or it could mean an acceptable and just *substitute for proof* of the plaintiff's damages where actual measurement of those damages is not reliably practicable. In the former case, the damage assessment would be proof of the sort typical to actions at law, demonstrating actual calculable loss causally related to the defendant's wrong. In the latter case, the damage assessment would be founded on principles of equity, providing a remedy where actual measurement of loss is unavailable. The first sort of damage question might properly be put to a jury, whereas the second would not be.

It is not clear whether the plaintiff intends to prove legal damages under the first approach, or whether it seeks to use the second approach to provide an equitable approximation of its damages, or both. But I have previously ruled that the plaintiff's expert Thomas Britven may testify "that the plaintiff suffered actual damages because the sale of guitars that were falsely represented as having Fishman components diminished the sale of guitars that had genuine Fishman components." Fishman Transducers, Inc. v. Paul, No. 07-10071, slip. op. at 2 (D. Mass. Mar. 30, 2002) (dkt. no. 136). Whether the plaintiff will succeed in presenting sufficient evidence of diverted sales to merit an award of actual damages is an issue for trial, but that claim is a legal one, and the plaintiff is entitled to a jury at least on that issue, as well as any determinations of fact the plaintiff's legal and equitable claims may have in common.

However, the plaintiff's request for an advisory jury remains denied. Additionally, the plaintiff appears to still contend that it suffered actual harm based on damage to its reputation and goodwill. The plaintiff is reminded that I have previously determined that Britven may not testify about reputational harm.

Finally, the plaintiff's Motion for Scheduling of Final Pretrial Conference (dkt. no. 141) is GRANTED. Trial is set for March 14, 2011. The final pretrial conference will be held Thursday, February 24, 2011, at 2:00 p.m. in Courtroom 9.

It is SO ORDERED.

   /s/ George A. O'Toole, Jr.
United States District Judge