UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10071-GAO

FISHMAN TRANSDUCERS, INC.,
Plaintiff,

v.

STEPHEN PAUL d/b/a "ESTEBAN," DAYSTAR PRODUCTIONS,
and HSN INTERACTIVE LLC,
Defendants.

MEMORANDUM AND ORDER REGARDING EQUITABLE RELIEF
March 29, 2011

O'TOOLE, D.J.

After trial, the jury found that the defendants had engaged in unfair competition by infringing the plaintiff's trademark "FISHMAN," see 15 U.S.C. § 1125(a)(1)(A), and similarly had engaged in false advertising, see id. § 1125(a)(1)(B). The jury further declined to find that the defendants had acted "willfully," as urged by the plaintiff. The plaintiff seeks an award of the defendants' profits, see id. § 1117(a), an issue of equitable, rather than legal, relief.

First Circuit precedents have outlined three justifications for awarding an accounting of a defendant's profits to a plaintiff: "(1) as a rough measure of the harm to plaintiff; (2) to avoid unjust enrichment of the defendant; or (3) if necessary to protect the plaintiff by deterring a willful infringer from further infringement." Tamko Roofing Prods., Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 36 (1st Cir. 2002). Here, because direct competition is required for the first, see Aktiebolaget Electrolux v. Armatron Int'l, Inc., 999 F.2d 1, 5 (1st Cir. 1993), and I have previously ruled that the parties were not in direct competition, and willfulness is undoubtedly required for the third, see Tamko, 282 F.3d at 36 & 36 n.11, and the jury has not found

willfulness, the only remaining question is whether Fishman can be awarded the defendants' profits on a theory of unjust enrichment in the absence of a finding of willfulness.

The First Circuit has never in so many words said that some species of willfulness is a necessary predicate for the recovery of an infringing defendant's profits on an "unjust enrichment" theory, but it has come close. In Electrolux, after surveying prior cases, the court noted that "under our case law damages have never been allowed under the deterrence or unjust enrichment theories absent some form of fraud." 999 F.2d at 6. The court also recognized that there is "'a clear distinction between the showing required to establish a right to injunctive relief and that required to establish a right to damages.'" Id. at 12 (quoting Camel Hair & Cashmere Inst. v. Associated Dry Goods Corp., 799 F.2d 6, 12 (1st Cir. 1986)). In Tamko, the court found it unnecessary to decide whether willfulness was required for an order of disgorgement on an unjust enrichment theory because the element was factually present in that case. 282 F.3d at 36. Still, the court justified its affirmance of the trial court's order by emphasizing the evidence of willfulness, implying at least that it was an important, if not necessary, factor. See id. at 36-38.

I accept the jury's finding with respect to willfulness, as I believe I am required to do.[1] See Dairy Queen, Inc. v. Wood, 369 U.S. 469, 479-80 (1962); see also Visible Sys. Corp. v. Unisys Corp., 551 F.3d 65, 78 n.8 (1st Cir. 2008). Even if I were not required to do so, I would make the same factual finding, that the plaintiff had not established willful infringement. The persuasive evidence was that the defendants relied on the representations of Force Ltd. that the guitar packages it was providing to the defendants contained "Fishman pickups." There was no obvious reason for the defendants to suspect the accuracy of the representations, and the

---

[1] The plaintiff has expressed concern that the jury may have been misled by the transcript of the portion of the charge dealing with willfulness that was given to them in response to a question. The transcript in question was reviewed by both sides before it was submitted, and no objection or concern was raised as to this issue. Any objection now is untimely.

2

evidence does not convincingly support a theory of "willful blindness." It is perhaps true that the defendants could have been more diligent in seeking reliable confirmation of the source of the pickup components and the authority to advertise them as "Fishman," but the absence of diligent inquiry, without more, is not equivalent to willfulness.

Furthermore, even if I were to apply a more expansive, "totality of the circumstances" test in deciding whether an equitable order of disgorgement of profits is appropriate in this case, I would conclude that such an order is not justified. In this respect, I have in mind the principles articulated in the Restatement:

> (a) the degree of certainty that the actor benefitted from the unlawful conduct;
> (b) the relative adequacy to the plaintiff of other remedies, including an award of damages;
> (c) the interests of the public in depriving the actor of unjust gains and discouraging unlawful conduct;
> (d) the role of the actor in bringing about the infringement or deceptive marketing;
> (e) any unreasonable delay by the plaintiff in bringing suit or otherwise asserting its rights; and
> (f) any related misconduct on the part of the plaintiff.

Restatement (Third) of Unfair Competition § 37(2). These considerations do not, in my judgment, call for the entry of a disgorgement of profits order in this case. While there was evidence from the defendants' expert, John Jarosz, that the defendants received some benefit from the infringing references to Fishman (factor (a)) in the form of slight upward bump in sales, any such windfall was innocent and not the result of intentional infringement. The incremental sales were apparently discovered by the post hoc expert reconstruction and likely went entirely unnoticed by the defendants in the actual course of events. Moreover, because of the absence of direct competition between the plaintiff and the defendants, there is no basis for concluding that any small windfall to the defendants resulted in diversion of sales from the plaintiff or other actual harm.

Having in mind the distinction between injunctive and monetary relief drawn in <u>Camel Hair</u> and repeated in <u>Electrolux</u>, it cannot be said the plaintiff is without an adequate and customary remedy against future infringement (factor (b)). Because the defendants have ceased all references to Fishman, injunctive relief is moot, but that does not mean it would have been inadequate as a remedy if needed. The interest of the public in deterring willful infringement and the defendants' level of culpability (factors (c) and (d)) are minimal in the absence of willful conduct. The two remaining factors, pertinent to the plaintiff, are irrelevant here.

In sum, I conclude that the plaintiff is not entitled to an award of damages under § 1117(a) either as a measure of actual damages at law or as an equitable award of the defendants' profits. Because the plaintiff prevailed on its primary claims under § 1125(a), it is entitled to recover its costs of the action. Finally, this is not an "exceptional case" that would justify an award of attorneys' fees to the plaintiff under § 1117(a).

Judgment shall enter accordingly.

    /s/ George A. O'Toole, Jr.
United States District Judge