UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 07-10071-GAO

FISHMAN TRANSDUCERS, INC.,
Plaintiff,

v.

STEPHEN PAUL d/b/a "ESTEBAN," DAYSTAR PRODUCTIONS,
and HSN INTERACTIVE LLC,
Defendants.

ORDER
May 18, 2011

O'TOOLE, D.J.

The plaintiff, Fishman Transducers, Inc., renews its motion for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(b), or in the alternative, for a new trial pursuant to Rule 59. The plaintiff advances a number of arguments, most of which rehash previous issues which it had extensive opportunity to brief and/or argue and which the Court has previously decided.

### I. Jury Instructions

The plaintiff's arguments meriting brief discussion involve the jury instructions given at the end of trial. The plaintiff first argues that the Court's jury instruction on willfulness was erroneous. As stated in the March 29, 2011 Memorandum and Order Regarding Equitable Relief, the plaintiff did not preserve an objection to the instruction as to the particular misstatement about which it now complains, i.e., an instruction that one element the jury needed to find for willfulness was that the defendants knew or should have known their conduct "was" the plaintiff's mark, as opposed to "infringed" the plaintiff's mark. See Booker v. Mass. Dep't of

Pub. Health, 612 F.3d 34, 40-41 (1st Cir. 2010) (citing Fed. R. Civ. P. 51(c)(1)); see also Scarfo v. Cabletron Sys., Inc., 54 F.3d 931, 946 (1st Cir. 1995) ("[O]bjections to the trial judge's charge to the jury must be clear enough and explicit enough to tell the trial judge what the party wishes the trial judge to say in order to correct the alleged error.").

There were two occasions when the jury was exposed to the wording of the instruction the plaintiff now contends was erroneous: first, when the instructions were delivered orally and second, when a transcript of that limited portion of the instructions was provided in writing to the jury in response to a question. The latter omitted an important word. Instead of stating the requirement that "the defendants knew or should have known that their own conduct was *infringing* the plaintiff's mark," the transcript left out the word "infringing" and said, somewhat enigmatically, that "the defendants knew or should have known that their own conduct was the plaintiff's mark." That brief transcript was reviewed by counsel for both sides and approved without any specific objection to the error before it was submitted to the jury.

In light of the post-trial objection, however, I have reviewed with the court reporter her shorthand notes, the real-time transcript as it appears on my own laptop computer, and the audio recording the reporter made when I was delivering the oral instructions. Those sources all confirm that what was actually said to the jury in the course of originally instructing them on the second part of the willfulness inquiry was correct: "second, that the defendants knew or should have known that their own conduct *was infringing* the plaintiff's mark." (Emphasis added.) After reviewing those sources, it is abundantly clear that the jury was given a correct and ungarbled instruction as they listened in the courtroom.

So, even assuming arguendo that the plaintiff had somehow preserved an objection to the written excerpt provided to the jury, any error was, in the full context, harmless. See Wilson v.

Mar. Overseas Corp., 150 F.3d 1, 6-7 (1st Cir. 1998) (describing standard). Considering the instruction in the context of the entire record, including counsel's arguments, and the jury charge as a whole, see Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F.3d 47, 72 (1st Cir. 2009), the challenged instruction adequately explained the law on willfulness, and the specific wording—even with the omitted word—was not unfairly prejudicial, see DeCaro v. Hasbro, Inc., 580 F.3d 55, 61 (1st Cir. 2009).

The plaintiff next argues that the Court's instruction on the burden of proof for willfulness was erroneous. During the charge, I instructed the jury that the plaintiff had to prove willfulness by clear and convincing evidence, a higher burden than the preponderance of the evidence standard otherwise applicable to the plaintiff's claims. The plaintiff contends, relying on a non-controlling district court case from the Eastern District of New York, that the lesser preponderance of the evidence standard applies to a determination of willfulness. In Tamko Roofing Products, Inc. v. Ideal Roofing Co., Ltd., 282 F.3d 23, 29 (1st Cir. 2002), the First Circuit affirmed the judgment of a trial court after jury trial and quoted the trial court's jury instruction on willfulness, including its statement on the clear and convincing burden of proof. The decision contains no indication that the Circuit disapproved or doubted the propriety of the heightened burden. See generally id. The plaintiff has failed to show then that the charge on the issue of the plaintiff's burden was erroneous.

Finally, the plaintiff questions the accuracy of the Court's response to a jury question about HSN's responsibility for information posted on the Internet. Because the question was somewhat unclear, after consulting with the attorneys, I instructed the jury about the defendant's responsibility for the content on its website and drew a distinction between that information and statements republished without HSN's authority by third-parties not under its control. The

plaintiff has pointed to no authority compelling a holding now that the response to the jury question was erroneous.

## II. Remaining Arguments

The plaintiff goes on to advance claims of error in several rulings the Court made prior to trial on counterfeiting, Chapter 93A, direct competition, the relative quality of the defendants' guitars, and general reputational harm, as well as during trial on Larry Fishman's and Thomas Britven's testimony as to causation. As with many controversies in the case, the parties had ample opportunity to fully brief the issues and/or be heard at oral argument on the matters, and the plaintiff does not now raise any convincing new arguments which call into question the correctness of the prior rulings.

## III. Conclusion

For the foregoing reasons, the plaintiff's Renewed Motion for Judgment as a Matter of Law and Motion for a New Trial (dkt. no. 226) is DENIED.

The Motion to Impound Confidential Materials (dkt. no. 228) is also DENIED. The materials were previously considered in connection with earlier motions and rulings, and there is no need to file them again.

It is SO ORDERED.

                                                        /s/ George A. O'Toole, Jr.
                                                 United States District Judge